UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

 v.

JOSEFINA BANAGA,

        Defendant.

NO. CR-S-03-0064 WBS
[Related Case: CV-S-07-1853 WBS]

ORDER

----oo0oo----

        Defendant Josefina Banaga has filed a motion pursuant to 28 U.S.C. § 2255 to vacate her conviction and sentence. The government has moved to dismiss the petition upon the ground that defendant's direct appeal to the Ninth Circuit is still pending.

        It is undisputed that defendant's direct appeal from this court's judgment of January 18, 2006 has yet to be resolved. Apparently at the request of the government, after defendant's opening brief was filed, the appeal was stayed pending the outcome of certain Supreme Court and Ninth Circuit

cases dealing with the effect of United States v. Booker, 543 U.S. 220 (2005).

When a direct appeal is pending, a district court should not entertain a §2255 motion. United States v. Deeb, 944 F.2d 545, 548 (9th Cir. 1991); Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987) ("[a] district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court") (emphasis in original); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1987).  The reason for this rule is that "disposition of the appeal may render the [§2255 motion] unnecessary." Feldman, 815 F.2d at 1320, quoting Black v. United States, 269 F.2d 38, 41 (9th Cir. 1959).

Here especially, one of the arguments asserted in Banaga's appeal is that the prosecutor improperly argued that she had known about the fraud.  Her brief states that there "was no evidence that [] Banaga knew that [her co-defendant] was submitting false claims."  Appellant's Opening Brief, at 21. She claims that her attorney was prepared to call her as a witness but decided not to do so because the prosecution's case was so weak as to be non-existent. Id. at 20.  In contrast, Banaga argues in her § 2255 motion that her trial attorney was ineffective because he did not call her to testify about her lack of awareness of the fraudulent nature of her co-defendant's activities.  Motion to Vacate at 15:9-10.

If the proof at trial was so weak that the prosecutor could not even argue that Banaga knew about the fraud, there arguably would have been no need to call her to testify that she

1  did not know about the fraud.  Under these circumstances, the
2  risk of inconsistent rulings from this court and the Court of
3  Appeals is too high to allow this motion to proceed.
4  Accordingly, defendant's § 2255 motion will be denied without
5  prejudice to renewal after her appeal has become final.  Since
6  Banaga is not in custody, she will not be prejudiced by the
7  delay.  Banaga points out further that although she is subject
8  to deportation as a result of this conviction, those proceedings
9  have also been stayed pending her appeal.
10            IT IS THEREFORE ORDERED that the government's motion
11 to dismiss defendant's petition under 28 U.S.C. § 2255 be, and
12 the same hereby is, GRANTED.  Defendants petition to vacate her
13 conviction and sentence pursuant to 28 U.S.C. § 2255 is hereby
14 DISMISSED, without prejudice to its renewal after her direct
15 appeal has become final.
16 DATED: November 13, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE